JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Hector Garcia,

    Plaintiff,

v.

FCA US LLC et al,

    Defendant.

2:20-cv-04779-VAP-MRWx

**Order GRANTING Plaintiff's Motion to Remand (Dkt. 11).**

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Hector Garcia on June 23, 2020. (Dkt. 11). Defendant FCA US LLC filed opposition on June 29, 2020 (Dkt. 12), and Plaintiff replied on July 2, 2020 (Dkt. 13). After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Ventura.

### I. BACKGROUND

Plaintiff filed his initial complaint on December 10, 2019, asserting four claims under California's Song-Beverly Consumer Warranty Act relating to his purchase of a used 2017 Dodge Grand Caravan. (*See* Dkt. 1-1 at 15–22, "Complaint"). Defendant removed the action to federal court on May 28, 2020. (Dkt. 1, "Notice of Removal"). Plaintiff now seeks to remand to state court,

arguing that FCA's removal was both untimely and failed to establish the amount in controversy requirement for federal subject matter jurisdiction. (*See generally* Dkt. 11).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.[1] 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Generally, a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1441(b)(1). Where removability is uncertain, the 30-day period is measured from the point at which defendant had notice that the action is removable. 28 U.S.C. § 1441(b)(3).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow*

---

[1] Plaintiff does not challenge diversity of citizenship. (*See generally* Dkt. 11).

*Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiff advances two grounds for remanding this lawsuit to state court. First, Plaintiff argues removal was untimely, given that more than five months elapsed between service of the Complaint and Defendant's filing of the Notice of Removal. (Dkt. 11 at 11–12). Second, Plaintiff contends the Notice of Removal fails to allege adequately an amount in controversy greater than $75,000.

#### A. Timeliness

"The [removal] statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

This case involves the second scenario, as the Complaint does not state how much Plaintiff paid for the vehicle or provide another benchmark for damages

sought; instead, Plaintiff prays for "damages according to proof at trial" plus a civil penalty, interest, and attorneys' fees. (Dkt. 1-1 at 22). To trigger the 30-day removal period, the facts supporting removal must be evident on the face of the complaint. *See Harris*, 425 F.3d 694 ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). Thus, service of the Complaint and summons on December 17, 2019 did not place Defendant on notice that the case was removable.

Defendant argues it first "recognized this matter was removable" on April 29, 2020, when it received a copy of the sales contract stating the vehicle's purchase price, from which Defendant "was able to ascertain the amount in controversy." (Dkt. 12 at 5). This contention is at odds with the record and unpersuasive. While it is true that the 30-day removal window does not open until the grounds for removal are clear, "plaintiffs are in a position to protect themselves" by deliberately starting the clock. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). "If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove." *Id.* Plaintiff did just that here: on January 7, 2020, the parties discussed a potential settlement as part of FCA's Early Resolution Program, and Plaintiff's counsel disclosed that the "Total Sales Price for the subject vehicle is $19,687.14." (Dkt. 11-4 at 2). Defendant does not deny that the January 7, 2020 documents—which Plaintiff described in and attached to the Motion— constitutes

4

notice. Indeed, its opposition pointedly ignores the exchange, suggesting Defendant concedes the point.

Accordingly, the Court finds Defendant was able to ascertain removability as early as January 7, 2020, and the Notice of Removal was, therefore, untimely.

### B. Amount in Controversy

Defendant's failure to allege amount in controversy adequately is an independent basis for granting the Motion. A defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, Defendant calculates the amount in controversy by aggregating the purchase price of Plaintiff's vehicle ($19,687.14), twice that in civil penalties, and reasonable attorneys' fees. Defendant's methodology is sound in principle, but it relies on conclusory allegations and lacks the necessary support to carry Defendant's evidentiary burden.

5

1. <u>Actual Damages</u>

Actual damages under the Song-Beverly Consumer Warranty Act ("the Act") are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset"). *Id.* Here, Defendant fails to reduce actual damages to account for Plaintiff's use of the car before he took it in for repair. Neither the Notice of Removal nor Defendant's opposition mentions the use offset (*see generally* Dkts. 1, 12), and Plaintiff contends that "Defendant has not even attempted to ascertain the mileage offset or acknowledge that such a calculation exists in determining Plaintiff's damages" (Dkt. 11 at 22). Without more information, the Court cannot give weight to Defendant's allegations of actual damages. *See Amanda D'Amico v. Ford Motor Company*, 2020 WL 2614610, at *2–3 (C.D. Cal. May 21, 2020) ("Given Defendant's failure to account for . . . the use offset, Defendant has failed to carry its burden as to Plaintiff's actual damages.); *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding, even where the purchase price of the car was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

### 2. Civil Penalty

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c). If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain. *Eberle*, 2018 WL 4674598, at *2. Moreover, Defendant has not pointed to any specific allegations in the action suggesting that the civil penalty would be awarded, or how much it might be if it were. *See Zawaideh v. BMW of North America, LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."); *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *5 (C.D. Cal. Nov. 4, 2016) (granting a motion to remand in a Song-Beverly case in part because the defendant did not provide the court with "any analogous verdicts or estimates of a recoverable punitive damages award," thus failing "to establish the likelihood of any punitive damage award by a preponderance of the evidence"); *Lawrence v. FCA US LLC*, 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (finding that because a defendant did not provide "any analogous verdicts or estimates about the amount" the court could not consider Song-Beverly's civil penalty when determining the amount in controversy). The Court is thus unable to determine what civil penalties might be imposed if Plaintiff's claim succeeds.

3. <u>Attorneys' Fees</u>

Defendant has, similarly, not made a sufficient showing regarding attorneys' fees. Attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, but a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795. "A district court may reject a defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, Defendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply. The Notice of Removal merely argues the "Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000," and later alleges attorneys' fees "can be reasonably considered to be at least $35,000.00." (Dkt. 1 ¶¶ 20–21). Such vague and conclusory allegations fall short of meeting Defendant's burden. *See D'Amico*, 2020 WL 2614610, at *4 ("[T]he Court is not persuaded that 'more than $65,000' is a reasonable estimate of attorney fees in this case. Indeed, many cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial. Nor does Defendant provide an estimate of the hours that will be incurred or hourly rates that would apply in this case.") (collecting cases); *Eberle*, 2018 WL 4674598, at *3 ("Courts have been reluctant to estimate reasonabl[e] attorneys' fees without knowing what the attorneys in the case bill, or being provided with evidence of attorneys' fees awards in similar cases and have found information far more specific than this to be

8

1 insufficient for the purposes of including attorneys' fees in the amount in
2 controversy." (internal quotations and citations omitted)).

### IV. CONCLUSION

The Court therefore GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Ventura. Plaintiff's request for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: 7/22/20

Virginia A. Phillips
United States District Judge

9